IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YESENIA VOIGT, § § § *Plaintiff,* § § V. § **CIVIL ACTION 1:21-cv-1035** § LEESER TX INC. and ALAN § **JURY DEMAND REQUESTED** CONSTANTINE COUPLAND, § § *Defendants,* § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, PLAINTIFF YESENIA VOIGT, and files this, her Original Complaint, complaining of Defendants LEESER TX INC. and ALAN CONSTANTINE COUPLAND, and respectfully shows the Court as follows:

### I.
### PARTIES

1.1    Plaintiff YESENIA VOIGT is a resident of Travis County, Texas.

1.2    Defendant LEESER TX INC. is foreign for-profit corporation doing business in Texas. Defendant LEESER TX INC. may be served with process according to FED. R. CIV. P. 4, any method or manner of service under the law of the State where the District Court is located. As such, Defendant LEESER TX INC. may be served by serving its registered agent for service Mr. Thomas M. Van Nostrand located at 6985 County Road 326, Palmyra, Missouri 36461. ***Service by private process is hereby requested upon this Defendant.***

1.3     Defendant ALAN CONSTANTINE COUPLAND is an individual who resides in Monroe County Missouri and who may be served with process according to FED. R. CIV. P. 4, any method or manner of service under the law of the State where the District Court is located. As such, Defendant ALAN CONSTANTINE COUPLAND may be served with process by serving him at 404 Winter St., Monroe City, Missouri 63456 or wherever he may be found. ***Service by private process is hereby requested upon this Defendant.***

## II.
### VENUE AND JURISDICTION

2.1     Plaintiff brings this action under 28 U.S.C. § 1332.  This case has complete diversity jurisdiction in that no Plaintiff shares a state of citizenship with any Defendant. Moreover, Plaintiff seeks monetary relief in excess of $75,000.00.

2.2     Plaintiff complies with all pleading requirements under the Federal Rules of Civil Procedure as well as the pleading requirements of Fed. R. Civ. P. Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 129 S.Ct. 1937, 1949 (2009), in that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) that the "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact."

## III.
### FACTS

3.1      On or about December 4, 2019, Plaintiff was traveling Southbound on Interstate 35 in Hays County, Texas.  Defendant COUPLAND, while in the course and scope of his employment with Defendant LEESER TX INC., and operating a 2018 Freightliner, suddenly and

without warning crossed a solid white line and changed lanes from the center lane to the left lane. This action caused a multiple vehicle collision whereby Plaintiff VOIGT suffered serious personal injuries that were a proximate cause of COUPLAND's negligence.

## IV.
### CAUSES OF ACTION

### A. NEGLIGENCE

4.1    Plaintiff VOIGT incorporates the assertions contained in the foregoing paragraphs as if alleged herein.

4.2    At the time of the accident made the basis of this lawsuit, Defendant COUPLAND was at all relevant times acting in the course and scope of his employment with Defendant LEESER and was operating the LEESER Freightliner negligently. Defendant COUPLAND had a duty to exercise ordinary care and operate the Freightliner reasonably and prudently. Defendant COUPLAND breached that duty in one or more of the following ways:

   a. failing to timely apply his brakes;

   b. failing to maintain a proper lookout;

   c. failing to turn the freightliner in order to avoid the impact in question;

   d. failing to make a safe lane change; and

   e. driving the freightliner at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances, thereby violating State and Federal Law.

4.3    As a proximate cause of Defendant COUPLAND's negligence, Plaintiff VOIGT suffered damages.

4.4    Defendant LEESER negligently hired, trained, and supervised Defendant COUPLAND. This negligence was a proximate cause of the accident made the basis of this lawsuit and Plaintiff VOIGT's damages.

4.5    At the time of the accident made the basis of this lawsuit, Defendant LEESER entrusted its tractor trailer to Defendant COUPLAND, an incompetent or reckless driver that Defendant LEESER  knew or should have known to be incompetent or reckless.  Defendant COUPLAND was acting in a negligent manner at the time of the accident in question and his negligence proximately caused Plaintiff VOIGT's damages.  At all relevant times Defendant COUPLAND was acting in the course and scope of his employment with Defendant LEESER.  As such, Defendant LEESER is vicariously liable for COUPLAND's negligent conduct under the theory of *respondeat superior*.

## V.
### PERSONAL INJURIES AND DAMAGES

5.1    Plaintiff incorporates the assertions contained in the foregoing paragraphs.

5.2    Plaintiff suffered damages including property damage and personal injuries. Plaintiff has incurred medical expenses, pain and suffering and mental anguish and impairment. Plaintiff expects to incur medical expenses, pain and suffering and mental anguish, and impairment in the future.  Plaintiff also requests the Court award pre-judgment and post-judgment interest.  All conditions precedent to bring this lawsuit have occurred or have been performed.

## VI.
### JURY DEMAND

6.1    Pursuant to the Federal Rules of Civil Procedure and the Constitution of the United States of America, Plaintiff requests a jury trial of this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that upon the trial of this case the Plaintiff recover judgment for a sum within the jurisdictional limits of the court for the damages listed above in an amount determined by the jury that is fair given the circumstances, pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the maximum rate allowed by law, exemplary damages, court costs, and such other relief, at law or in equity to which Plaintiff may be justly entitled.

Date this 16th day of November, 2021.

Respectfully submitted,

**WENHOLZ | DOW P.C.**

9433 Bee Caves Rd., Ste. 1-200
Austin, Texas 78733
(512) 478-2211
(512) 478-3625 (fax)

By: ___/S/ J. Luke Dow___
    J. Luke Dow
    Texas Bar No. 00793636
    ldow@wenholzdow.com
    Sean B. Swords
    Texas Bar No. 24102554
    sswords@wenholzdow.com

**ATTORNEYS FOR PLAINTIFF**